15 CV 03510

Thomas M. Grasso, Esq.
Law Offices of Thomas M Grasso LLC
8 Willow Street
Cranford, New Jersey 07016-1855
Tel: 908-514-8850
E-mail: tom@tmgrassolaw.com
Attorneys for Plaintiff



RECEIVED
MAY 05 2015
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ATLANTIC BEVERAGE COMPANY, INC.,

        Plaintiff,

   -against-

MSC MEDITERRANEAN SHIPPING COMPANY,
S.A. and TOKIO MARINE AMERICA
INSURANCE COMPANY,

        Defendants.
-----------------------------------------------------------X

Docket No. 15 CV _____ ( )

ECF Case

**COMPLAINT**

Atlantic Beverage Company, Inc. ("Atlantic Beverage") by its attorneys Law Offices of Thomas M Grasso LLC, alleges for its Complaint against defendants MSC Mediterranean Shipping Company, S.A. and Tokio Marine America Insurance Company ("Tokio Marine"), upon information and belief:

### INTRODUCTION

1. This is an Admiralty action for breach carrier duties under the U.S. Carriage of Goods by Sea Act and maritime contracts of carriage in the amount of $104,227.40, for damage occurring to shipments of 5,040 cartons of canned Sunfield Brand Mandarin Oranges ("the Goods") transported from Changshu, China to Houston, Texas, and for declaratory judgment confirming coverage under a marine insurance contract.

## PARTIES

2. Plaintiff Atlantic Beverage Company, Inc. ("Atlantic") is a domestic for-profit corporation organized and existing under the law of the State of New Jersey with a business office located at 3775 Park Avenue, Unit 12, Edison, New Jersey 08820.

3. Atlantic was and is the buyer, receiver, consignee and / or owner of the Goods, and the Assured under Tokio Marine Policy No. TO6-0011102, and is a real party in interest.

4. Defendant MSC Mediterranean Shipping Company, S.A. ("MSC") is a Swiss corporation with a corporate headquarters located at chemin Rieu, 12-14, 1208 Geneva, Switzerland, and a business office located at c/o Mediterranean Shipping Company (USA) Inc., 420 Fifth Avenue, 8th Floor, New York, New York 10018-2702.

5. MSC was at all material times the Carrier of the goods, and issuer of Bills of Lading nos. MSCUED499033, MSCUED499017, and MSCUED499041 issued on or about 03/20/2014 and 3/22/2014 ("the MSC Bills of Lading"), covering transportation of the Goods within ocean shipping containers nos. MEDU3979153, MSCU1607422, MSCU6187894, MSCU6367807, and MSCU6416753 ("the Containers") from Changshu, China, to Houston, Texas.

6. Defendant Tokio Marine America Insurance Company ("Tokio Marine") is a for-profit corporation or other business entity duly authorized under the laws of one of the fifty states with an office and place of business located at 230 Park Avenue, New York, New York 10169.

7. Tokio Marine is the issuer and underwriter of an "All Risks" Marine Cargo Policy No. TO6-0011102, as Assurer, issued to its Assured, Atlantic Beverage Company, effective on or about October 12, 2013, and in effect at all times material to this Complaint.

8. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the goods which are the

subject of this case, as their respective interests may ultimately appear, and plaintiff is entitled to bring and maintain this case.

## JURISDICTION

9. This Court has Admiralty or Maritime Jurisdiction pursuant to 28 U.S.C. §1333 as this case concerns alleged breach of the U.S. Carriage of Goods by Sea Act, 46 U.S.C. §30701 note, maritime contracts and maritime torts. Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, plaintiff designates this claim as an Admiralty or Maritime claim for purposes of Rule 14(c) and the Supplemental Admiralty Rules.

## VENUE

10. Venue is proper in this Court because MSC's Bills of Lading at issue contain a Forum Selection Clause requiring all lawsuits against it to be heard exclusively in the United States District Court for the Southern District of New York.

11. Venue is proper in this Court because Tokio Marine Policy No. TO6-0011102 contains Forum Selection Clause requiring all lawsuits against it to be heard exclusively in the United States District Court for the Southern District of New York.

## FACTS

12. On or about March 22, 2014, the Containers containing the Goods were tendered to and accepted by MSC for transportation from Changshu, China, to Houston, Texas.

13. The Goods were in good order and condition and properly packed inside the Containers at the time of tender to and acceptance by MSC into its care, custody, and control.

14. MSC accepted tender of the Goods into its care, custody, and control without exceptions.

15. MSC, in consideration of agreed freight charges, issued the MSC Bills of Lading clean and without exceptions covering the transportation of the Goods and Containers from Changshu, China to Houston, Texas.

16. On or about May 17, 2014, the Goods and Containers were discharged from the carrying vessels at Houston, Texas, and drayed to UTI Warehouse in Pasadena, Texas for unloading.

17. Open opening the Containers, the Goods were found to have incurred wet damage and rust to cans and were, therefore, unmerchantable.

18. Atlantic Beverage representatives discharged the Goods from the Containers and attempted to segregate wet damaged goods to mitigate damages.

19. Atlantic Beverage notified Tokio Marine of the damage and submitted a claim against the Policy.

20. During the segregation process, damage was much more extensive than originally believed such that the Goods are unmerchantable and are a constructive total loss.

21. Atlantic Beverage submitted an amended claim of $104,227.40 to Tokio Marine for the damage to the Goods.

22. Tokio Marine engaged a marine surveyor to inspect the Goods at the warehouse where they were held.

23. The first time Tokio Marine's surveyor inspected the Goods, he found no sign of cans leaking.

24. Tokio Marine's surveyor inspected the Goods a second time and concluded, without sufficient justification and factual support, can failure. Tokio Marine's surveyor believed that can "seals were inadequate or became loose during transit, allowing air to enter the cans and bacteria to grow. The bacteria in turn produced cases which ultimately caused the cans

to partially burst or leak product onto the cardboard cartons. This excess moisture from the leaked product contributed to sweating inside the containers . . . ."

25. Tokio Marine's surveyor did not conduct any scientifically controlled inspection or analysis of the Goods or cans to support his conclusions.

26. Consequently, based on its surveyor's report, Tokio Marine denied Atlantic Beverage's claim as a pre-shipment condition which excluded coverage under the Policy, despite that its surveyor reported damage occurring to the cans while in transit.

27. Atlantic Beverage has incurred damages of $104,227.40, plus various sue and labor costs and expenses in connection with the claim.

28. The Policy is an "All Risks" policy covering "Goods consisting primarily of canned and jarred foods and spices properly packed for the intended transport" during transit.

29. Atlantic Beverage paid Tokio Marine an annual premium of $32,835 for coverage provided by the Policy.

30. The Policy limited Tokio Marine's liability to $300,000 per any "one vessel or connecting conveyances" subject to a $2,500 deductible.

31. Policy Clause 16 (Warehouse to Warehouse) provides in pertinent part that coverage attached "from the time the goods insured leave the Warehouse and / or Store at the place named in the Policy for the commencement of transit and continues in the ordinary course of transit, including customary transshipment, if any, until the goods insured are discharged overside from the overseas vessel at the final port."

32. Policy Clause 16 (Warehouse to Warehouse) provides in pertinent part that, "coverage continues while the goods are in transit and/or awaiting transit until delivered to the final warehouse at the destination named in the Policy or until the expiry of 15 days (or 30 days

if the destination to which the goods are insured is outside the limits of the port), whichever comes first."

33. Policy Clause 17 (Marine Extension Clauses) provides in pertinent part that, "This policy is extended to cover all shipments which become at risk hereunder in accordance with the following clauses, which supercede and override Clause 16 (Warehouse to Warehouse) wherever they may be contradictory or at variance."

34. Policy Clause 17(I) provides in pertinent part that, "This insurance attaches from the time the goods leave the warehouse from the commencement of the transit and continues until the goods are delivered the final warehouse at the original destination . . . ."

35. Tokio Marine denied Atlantic Beverage's claim without reasonable investigation.

36. At all times Atlantic Beverage acted and continues to act as a reasonably prudent uninsured.

## FIRST CAUSE OF ACTION

### BREACH OF COGSA and BILLS OF LADING AS AGAINST MSC

37. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 36, inclusively.

38. Defendant MSC, as a carrier and issuer of the Bills of Lading, had non-delegable duties under the U.S. Carriage of Goods by Sea Act ("COGSA") and the Bills of Lading to properly and carefully to load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered to and accepted by MSC.

39. Defendant MSC breached its duties under the U.S. Carriage of Goods by Sea Act ("COGSA") and the Bills of Lading to properly and carefully to load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered to and accepted by MSC.

40. As a direct and proximate cause of Defendant MSC's breach, plaintiff suffered damages in the aggregate amount of $104,227.40, which was not the result of any contributing acts, omissions, negligence or breach of contract on the part of plaintiffs.

WHEREFORE plaintiff demands judgment in its favor and against Defendant MSC in the aggregate amount of $104,227.40, plus prejudgment interest, costs, attorney fees, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT AS AGAINST TOKIO MARINE

41. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 40, inclusively.

42. The Policy was in effect at all material times alleged herein.

43. The damage which was the basis of Atlantic Beverage's claim occurred during transit of the Goods from China to Texas.

44. Tokio Marine's declination of coverage was based upon its surveyor's unscientific and uninformed conclusions which any reasonable factual or scientific basis or expertise.

45. Tokio Marine's surveyor reported that the cans of Goods sustained damage during "transit" which is the specific period of time that the Policy provides coverage.

46. There is a justiciable controversy between Atlantic Beverage and Tokio Marine, which can be resolved by this Court through entry of a judgment declaring the rights and liabilities of the parties alleged herein under the contract of marine insurance alleged above.

47. This Court should enter a Judgment wholly in favor of Atlantic Beverage declaring, adjudicating, and decreeing that Tokio Marine is obligated to provide coverage to Atlantic Beverage under the Policy for its claim concerning damage to the Goods.

WHEREFORE plaintiff prays that Judgment be declared in its favor and against Defendant Tokio Marine declaring that the Policy of Marine Insurance No. TO6-0011102 issued by Tokio Marine to Atlantic Beverage obligates Tokio Marine to provide coverage to Atlantic Beverage, plus costs, attorney fees, and such other and further relief as this Court deems just and proper.

Dated: May 5, 2015

By: _____

Law Offices of Thomas M Grasso LLC
Attorneys for Plaintiff

Thomas M. Grasso, Esq.
8 Willow Street
Cranford, New Jersey 07016-1855
Tel: 908-514-8850
Fax: 908-325-6187
E-mail: tom@tmgrassolaw.com